`

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN DAVID MATTHEWS,

Petitioner,

v.

STATE OF WASHINGTON,

Respondent.

Case No. C11-5018BHS

ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 3) and Petitioner Brian David Matthews' ("Matthews") objections to the R&R. Dkt. 4. The Court has considered the R&R, Matthews' objections, the remaining record, and hereby adopts the R&R for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL HISTORY**

On January 4, 2011, Matthews filed a motion for leave to proceed in forma pauperis and attached a proposed complaint. Dkt. 1. On January 18, 2011, Judge Creatura recommended that the Court deny Matthews' motion to proceed in forma pauperis and dismiss the action. Dkt. 3.

Judge Creatura considered the motion "as a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254" because "[t]his action was filed as an action 'in Admiralty' but, it is actually an attempt to challenge a state conviction and current incarceration." Dkt. 3 at 1. The magistrate judge summarized the case as follows:

ORDER – 1

> Plaintiff is currently incarcerated in the Stafford Creek Correction Center in Aberdeen Washington. He challenges a judgment in a criminal action that had cause number 99-9-10779-0. He does not directly provide the court with the name of the county or state where he was convicted, or the nature of the conviction. He does, however, make reference to Pierce County addresses, such as the clerk's office for the Superior Court 930 Tacoma Avenue South Room 110 Tacoma WA 98402 and the Washington State Court of Appeals Division Two, 950 Broadway Suite 300 Tacoma WA 98402 (ECF No. 1). Further, there is a Pierce County Superior Court cause number matching 99-9-10779-0 (ECF No. 1, Exhibit 3). He refers to himself as a maritime vessel or maritime property. He refers to the State of Washington as "SOW" (ECF No. 1).
> The complaint is a mixture of UCC code cites and argument that petitioner is a maritime vessel or has obtained a priority lien against maritime property. No actual maritime property is ever described (ECF No. 1). He demands the state relinquish possession of the [judgment] (ECF No.1 Exhibit 7). The action is clearly frivolous as petitioner is attempting to obtain a lien either against himself or against a criminal judgment.

Dkt. 3 at 1-2.

## II. DISCUSSION

**A.  Admiralty Jurisdiction**

Matthews' objection contends that this action "was specifically filed in admiralty to enforce a maritime lien." Dkts. 4 at 2 & 1-1 at 3 ¶ 9. Mathews also maintains he has a lien against the "maritime vessel BRIAN DAVID MATTHEWS and against Judgment 99-9-10779-0." Dkt. 4 at 4. Matthews filed a document purporting to establish a lien against judgment number 99-99-10779-0. Dkt 1-1 at 9-10. Matthews filed no evidence of a "vessel DAVID BRIAN MATTHEWS." Dkt. 4 at 2.

Maritime liens attach only to vessels. *See* 46 U.S.C. § 31342. "The word 'vessel' includes every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." 1 U.S.C. § 3.  Matthews failed to plead any facts that establish admiralty or maritime jurisdiction.

**B.  Habeas Corpus Petition**

Matthews contends that Judge Creatura "[misinterprets] that this action is properly considered as a petition for habeas corpus" because he maintains his complaint is "specifically filed in admiralty to enforce a maritime lien." Dkt. 4 at 2. Matthews has not

ORDER – 2

filed a proper case in admiralty, and to the extent that he has filed a petition for habeas corpus, it is denied for the reasons discussed in the R&R.

**C.    In Forma Pauperis**

Matthews objects to "the Magistrates misinterpretation that Marad Ship Manager Brian David Matthews is applying to this court to proceed in forma pauperis." Dkt 4 at 4 ¶ 7. However, Matthews completed, signed and filed an application to proceed in forma pauperis. Dkt. 1. Additionally, Matthews attached a letter to the clerk of the court requesting the clerk to "[p]lease process the Application/Order to proceed IFP." Dkt 4 at 8. Regardless of the misunderstanding, there is no need to grant this application because there is no cognizable claim before the Court.

### III. CONCLUSION

The Court having considered the R&R, Matthews' objections, and the remaining record, does hereby find and order as follows:

(1)    Matthews' objections are **OVERRULED**;

(2)    The R&R is **ADOPTED**; and

(3)    This action is **DISMISSED**.

DATED this 9th day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3